UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMARA L. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-01520-TWP-DML |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CHILD SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) by Defendant Indiana Department of Child Services ("DCS") (Filing No.

9). Plaintiff Tamara L. Jenkins ("Ms. Jenkins"), a former employee of DCS filed this action under

the Americans with Disabilities Act ("ADA"), alleging employment discrimination based on her

disability as well as retaliatory discharge for filing charges of discrimination and for seeking

disability compensation (Filing No. 1 at 2). Ms. Jenkins is seeking damages for back pay and

emotional distress and the demotion of her former supervisor. DCS moves to dismiss this action

on the bases that the Complaint was filed after expiration of the statute of limitations and because

of Eleventh Amendment immunity. For the reasons below, the Court **GRANTS** DCS's Motion to

Dismiss.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint

that has fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When

deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations

in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*,

550 F.3d 632, 633 (7th Cir. 2008).  The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"[Courts] consider documents attached to the complaint as part of the complaint itself. Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citations omitted). Dismissal is appropriate "when a party has included in its complaint 'facts that establish an impenetrable defense to its claims.'" *Hecker*, 556 F.3d at 588 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

A plaintiff's failure to file her complaint within the period provided by the applicable statute of limitations provides an affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).  While "a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses," if the complaint "nonetheless sets out all

2

of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Id.* (citing

*Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)).

## II.    BACKGROUND

Ms. Jenkins began her employment with DCS in July 2007 as an account clerk.  During

her employment, she suffered from debilitating stress, anxiety, and depression, which was

exacerbated by a hostile work environment (Filing No. 1-2 at 4). Her doctor placed her on medical

leave from work because of her disability (stress, anxiety, and depression) beginning in June 2010

through November 2010.  Ms. Jenkins returned to work for a brief period of time but then began

missing work and on some occasions failed to notify her supervisors of her absence.  Because of

her stress, anxiety, and depression, Ms. Jenkins missed work while she participated in an intensive

outpatient program administered by the St. Vincent Stress Center from December 20, 2010 through

February 28, 2011.   After receiving medical documentation regarding Ms. Jenkins's work

absences, DCS retroactively approved Ms. Jenkins's participation in the stress center's program

under the department's disability plan.

Ms. Jenkins's doctor released her to return to work on February 28, 2011, but by March

17, 2011, she still had not returned to work. DCS sent a certified letter to Ms. Jenkins stating that

her absences were unauthorized and giving her until March 25, 2011, to return to work.  The letter

explained that a pre-deprivation meeting would be held on March 25, 2011 with or without her

attendance, to address her unauthorized absences.  Ms. Jenkins did not return to work on March

25, 2011 and did not attend the pre-deprivation meeting due to her mental health status.  Ms.

Jenkins received a letter from DCS stating that she was suspended without pay for 30 days pending

dismissal (Filing 1-1 at 2).

On April 20, 2012, Ms. Jenkins filed a Charge of Discrimination (the "Charge") based on disability and retaliation with the Indiana Civil Rights Commission.  The Charge was forwarded to the Equal Employment Opportunity Commission ("EEOC") the same day.  On April 27, 2012, the EEOC sent an acknowledgment letter to Ms. Jenkins, notifying her that it had received the Charge submitted under the ADA (Filing No. 1-1 at 3).  Ms. Jenkins stated in the Charge that she was discriminated against because of her disability and her discipline was in retaliation for her prior charges of discrimination and filings for disability compensation.  She also stated that she never received notification from DCS that she was actually dismissed or terminated, and that she should not have been dismissed or terminated because she was on disability leave at that time.

In its Dismissal and Notice of Rights decision dated June 14, 2012, the EEOC informed Ms. Jenkins that it was closing her file because her charge "was not timely filed with the EEOC, in other words, you waited too long after the dares of the alleged discrimination to file your Charge." Ms. Jenkins was informed that she waited too long after the adverse employment action to file her Charge of Discrimination (Filing No. 1-1 at 1).  The EEOC's Dismissal and Notice of Rights decision also informed Ms. Jenkins of her "Notice of Suit Rights," which informed her that she could file a lawsuit in court but that it must be initiated within ninety days of her receipt of the notice or her right to sue would be lost.  *Id.*

Ms. Jenkins failed to initiate this litigation within ninety days of receiving the June 14, 2012 notice.  Instead, she waited approximately two years and three months to file her *pro se* Complaint in this Court on September 17, 2014.  Her Complaint asserts the same claims that she asserted in her EEOC Charge under the ADA and alleges discrimination based on her disability and employment discipline based on retaliation for her prior discrimination charges and for filing for disability compensation.

### III.  DISCUSSION

As a preliminary matter, Ms. Jenkins asserts that DCS failed to timely respond to her Complaint within sixty days of September 23, 2014 (Filing No. 11).  DCS was required to file a responsive pleading by November 22, 2014.  However, November 22, 2014, was a Saturday and, therefore, the filing deadline was extended to the following Monday, November 24, 2014.  See Fed. R. Civ. P. 6(a)(1)(C).  DCS filed its Motion to Dismiss on November 24, 2014, and thus, it was timely filed.

Ms. Jenkins also asserts that on June 11, 2012, she submitted evidence to the EEOC to dispute DCS's defense of her Charge (Filing No. 11).  She was given until June 15, 2012, to submit this evidence.  After receiving the evidence on June 11, 2012, the EEOC then issued its Dismissal and Notice of Rights decision on June 14, 2012, explaining that Ms. Jenkins's Charge was untimely submitted.  Ms. Jenkins disputes the EEOC's determination regarding timeliness based on her submission of evidence on June 11, 2012, before the June 15, 2012 deadline.  However, while Ms. Jenkins did timely submit the requested evidence, that submission of evidence did not affect the untimeliness of her filing of the Charge of Discrimination.

Turning to DCS's Motion to Dismiss, DCS argues that Ms. Jenkins's ADA Complaint was untimely filed after the statute of limitations period passed and therefore should be dismissed.  In addition to the untimeliness of the Complaint, DCS argues that Ms. Jenkins's claim is barred because of DCS's immunity under the Eleventh Amendment. The Court will address each argument in turn.

#### A.  Statute of Limitations

Allegations of employment discrimination and retaliation based on disability are brought under Title I of the ADA.  *Brumfield v. City of Chi.*, 735 F.3d 619, 622 (7th Cir. 2013).  The

remedies for an ADA Title I violation are the same as the remedies for an employment discrimination claim brought under Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 12117. Thus, a plaintiff asserting an ADA Title I claim must follow the same procedural requirements for a Title VII Civil Rights Act claim.  See, e.g., *Basith v. Cook Cnty.*, 241 F.3d 919, 931 (7th Cir. 2001); *Stewart v. Cnty. of Brown*, 86 F.3d 107, 110–11 (7th Cir.1996).  In order to pursue claims based on disability discrimination in the employment context, prior to filing a lawsuit, an employee is required to file a charge with the EEOC or the state or local agency within 180 days of the alleged unlawful practice, or within 300 days if the charge was first filed with a state or local equal opportunity agency.  42 U.S.C. § 2000e-5(e)(1).  In the event of an adverse decision by the EEOC, the EEOC must notify the employee of that decision, and then the employee may file a civil action in court, which must be filed within 90 days of the notice.  42 U.S.C. § 2000e-5(f)(1).

Ms. Jenkins argues that DCS is incorrect in asserting that she filed her Complaint after the statute of limitations period expired.  However, a review of the documents attached to the Complaint confirms that Ms. Jenkins filed late at each stage of her proceedings.  DCS made an adverse employment decision against Ms. Jenkins on March 25, 2011.  Ms. Jenkins then filed her Charge of Discrimination with the EEOC on April 20, 2012 (392 days after the adverse employment decision) (Filing No. 1-1 at 2).  This was well beyond the 180-day and 300-day limitation periods for filing a charge with the EEOC.  Ms. Jenkins then received her Dismissal and Notice of Rights decision, which explained she had a right to sue within 90 days, on June 14, 2012 (Filing No. 1-1 at 1).  Ms. Jenkins then waited to file her Complaint in this Court until September 17, 2014 (825 days after the EEOC decision) (Filing No. 1).  This was well beyond the 90-day limitation period for filing a civil action.

In addition to being outside the 90-day limitation period, Ms. Jenkins's action was filed after the two-year statute of limitations applicable to employment related actions against the state of Indiana.  Ind. Code § 34-11-2-2.  DCS took adverse employment action against Ms. Jenkins on March 25, 2011.  Based on the documents attached to Ms. Jenkins's Complaint, she was aware of the adverse employment action as of June 26, 2011, but most likely earlier.  The two-year statute of limitations applicable to the claim expired more than a year before Ms. Jenkins filed her Complaint on September 17, 2014.  Because Ms. Jenkins failed to initiate this action within the 90-day period after the EEOC's dismissal and within the two-year statute of limitations period, her Complaint was untimely filed and this action must be dismissed.

### B. Eleventh Amendment Immunity

As an additional basis for dismissal, DCS asserts that Ms. Jenkins's claim for damages is barred by Indiana's immunity under the Eleventh Amendment.  Eleventh Amendment immunity prohibits private parties from suing non-consenting states in federal court for damages except where Congress has validly abrogated that immunity.  *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 360, 363 (2001).  In *Garrett*, the Supreme Court held that Congress did not validly abrogate state immunity as to Title I claims under the ADA. *Id.* at 374 n.9.  Ms. Jenkins brought her claim for damages against DCS, a non-consenting state agency, under Title I of the ADA. Thus, even if her claim were timely filed, it would be barred by the Eleventh Amendment.

### IV.  CONCLUSION

For the foregoing reasons, DCS's Motion to Dismiss (Filing No. 9) is **GRANTED**, and Ms. Jenkins's action is **dismissed with prejudice**.  The Court, having granted DCS's Motion to Dismiss, **DENIES** as moot Ms. Jenkins's Motion to Appoint Counsel (Filing No. 12). Final judgment will issue under separate order.

**SO ORDERED.**

Date: 6/23/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Tamara L. Jenkins
3223 Welch Drive
Indianapolis, Indiana  46224

Melinda Jae Schwer
OFFICE OF THE INDIANA ATTORNEY GENERAL
melinda.schwer@atg.in.gov